IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEVEN W. GIBSON, | ) |
|            Plaintiff, | ) |
| vs. | ) Case No. 10-0821-CV-S-ODS |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security. | ) |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his applications for disability and supplemental security income benefits. The Commissioner's final decision is reversed, and the case is remanded for reconsideration.

Plaintiff began receiving treatment from Dr. Latha Nair in November 2008 and saw her on a monthly basis at least until January 2010. The ALJ held a hearing in this case on April 9, 2009, and issued a written decision on September 8, 2009. As part of her request for review by the Appeals Council, Plaintiff submitted additional records from Dr. Nair. Included among these records was a Psychiatric/Psychological Impairment Questionnaire completed on December 10, 2009. The Appeals Council considered the records and denied Plaintiff's request for review in June 2010.

The materials submitted to the Appeals Council become part of the record even though they were not available for consideration by the ALJ. Like the Appeals Council, the Court must evaluate the entire record – including this additional evidence – to determine if the ALJ's decision will stand. "In these circumstances, we do not evlauate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's determination." Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000).

The Court concludes there is not substantial evidence in the Record as a whole to support the final decision because it cannot be reconciled with the opinions expressed in Dr. Nair's December 10 Report. It would appear Dr. Nair is a treating physician, and it would also appear that she describes limitations greater than those found by the ALJ. The Commissioner contends the essence of her report is encompassed within the ALJ's hypothetical questions posed to the vocational expert, and this is true for some – but not all – of the limitations. For instance, Dr. Nair opined that Plaintiff would miss more than three days of work a month due to psychological impairments, could not complete a workweek without interruption, and is markedly limited in his ability to maintain concentration and attention for extended periods of time. These limitations are not fairly included in a work restriction requiring simple work.

It may be that there are reasons to reject or discount Dr. Nair's conclusions, and it may be that Plaintiff is capable of working notwithstanding the limitations Dr. Nair described, but determinations of this sort are to be made initially at the administrative level, not by the Court. On remand, the Commissioner will be required to address Dr. Nair's opinions. In so doing, the Commissioner is free to solicit additional information from Dr. Nair, arrange for consultative examinations, or take any other steps normally available to the Commissioner when evaluating a disability claim.

IT IS SO ORDERED.

DATE: February 10, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT